1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY W. PORTER,                    No. C 14-5034 TEH (PR)

        Petitioner,            ORDER TO SHOW CAUSE

    v.

WILLIAM MUNIZ,

        Respondent.           (Docket No. 3)

_____/

      Petitioner, Anthony W. Porter, a California state prisoner, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from the Monterey County Superior Court.  He has paid the filing fee.

I

      Petitioner was found guilty after a jury trial of attempted murder and related counts following his participation in a drive-by shooting.  Petitioner was sentenced to 25 years but the state court granted him a new trial regarding the allegations that the crimes were committed for the benefit of a street gang and that the attempted murders were willful, deliberate, and premeditated.  Rather than face retrial on the two counts, petitioner agreed to a settlement where he would serve a total of 34 years in prison.  People v. Porter, No. H037619, 2013 WL 2284949 (Cal. Ct. App. May 22, 2013).  The California Court of Appeal affirmed his conviction

and settlement.  <u>Id.</u>

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  <u>Id.</u> § 2243.

Petitioner seeks federal habeas relief on the following claims:

1.  Trial counsel was ineffective for:

i) failing to investigate gun shot residue;

ii) failing to introduce exculpatory evidence of gun shot residue on co-defendant Williams;

iii) failing to properly interview a witness and then not impeaching the witness; and

iv) failing to present evidence of petitioner's physical weakness and his alcohol blackouts;

2.  The prosecution violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), with respect to gun shot residue evidence;

3.  A violation of double jeopardy;

4.  Trial counsel was ineffective at the plea stage when petitioner agreed to the settlement; and

5.  Petitioner's plea was not knowing and intelligent.

2

Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

### III

Petitioner has also filed a motion for appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, Petitioner's claims have been adequately presented in the petition, and the interests of justice do not otherwise require the appointment of counsel. Accordingly, Petitioner's motion for appointment of counsel is DENIED. Should the circumstances of the case materially change, the Court may reconsider Petitioner's request sua sponte.

### IV

For the foregoing reasons and for good cause shown,

1. The motion to appoint counsel is DENIED. Docket No. 3

2. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (i.e., Docket No. 1), on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a

copy of this Order on Petitioner.

        3.   Respondent shall file with the Court and serve on Petitioner, within sixty-three (63) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

        If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

        4.   In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty-five (35) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fourteen (14) days of receipt of any Opposition.

        5.   Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the

4

Court and all parties informed of any change of address by filing a separate document entitled "Notice of Change of Address."

IT IS SO ORDERED.

DATED   _02/17/2015_

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.14\Porter5034.osc.wpd

5