UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. PORTER,<br>　　　　Petitioner,<br>　　v.<br>WILLIAM MUNIZ,<br>　　　　Respondent. | Case No. 14-cv-05034-PJH<br><br>**ORDER GRANTING UNOPPOSED REQUEST TO STAY ORDER GRANTING IN PART WRIT OF HABEAS CORPUS PENDING RESOLUTION OF APPEAL AND CROSS-APPEAL**<br><br>Re: Dkt. No. 41 |

　　　　Following the retirement of Judge Thelton E. Henderson, this matter was reassigned to the undersigned judge.  Before the court is the request of respondent William Muniz for a stay of the July 17, 2017, order granting in part the petition for writ of habeas corpus, pending resolution of the appeal and cross-appeal.  Doc. no. 41.  Petitioner requested an extension of time to file a response, doc. no. 45, which is granted nunc pro tunc, and filed a notice of non-opposition to respondent's request for a stay.  Doc. no. 46.  For the reasons set forth in respondent's brief and as discussed below, the court GRANTS respondent's unopposed request for a stay.

　　　　The July 17, 2017, order granted in part the habeas petition on the grounds that petitioner was denied effective assistance of counsel at the resentencing agreement stage and that he did not enter the resentencing agreement knowingly and voluntarily.  The court vacated the September 9, 2010, resentencing agreement and required respondent to retry the gang enhancements and premeditation/deliberation allegations within 120 days of the order, but did not order petitioner's release.  Doc. no. 37.  The court denied the remaining claims for habeas relief on the grounds of ineffective

1 assistance of trial counsel and double jeopardy, and held that "Porter's twenty-five year
2 sentence imposed on May 6, 2005 remains undisturbed." *Id.* at 29. Respondent seeks a
3 stay of the order which requires retrial of the gang enhancements and deliberation
4 allegations, pending petitioner's appeal and respondent's cross-appeal of the July 17,
5 2017, order.

The court considers the following factors regulating the issuance of a stay of an order granting habeas relief pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted).

Respondent has demonstrated that a stay of the July 17, 2017, order, requiring retrial limited to the gang enhancements and deliberation allegations within 120 days of the order, is warranted under the *Hilton* factors. With respect to the first *Hilton* factor, respondent has demonstrated that reasonable jurists may differ with the court's assessment of petitioner's claim of ineffective assistance at the resentencing agreement stage, to support at least a substantial probability that respondent may succeed on appeal. *Hilton*, 481 U.S. at 778 ("Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release."). As to the second and fourth *Hilton* factors, respondent has shown both irreparable injury absent a stay and public interest in favor of a stay because the prosecution must expend substantial time and resources to retry the gang enhancement and deliberation allegations and the result of the retrial could be rendered moot if either party prevails on his appeal or cross-appeal. As to the third *Hilton* factor, petitioner would not be substantially injured by a stay because he will remain in state custody under the 25-year sentence which remains intact pending the appeal and cross-appeal.

Having considered the relevant factors, the court determines that a stay of the July 17, 2017, order is warranted. Respondent's unopposed request for a stay is therefore GRANTED.

**IT IS SO ORDERED.**

Dated: August 23, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge